728 S.E.2d 29

**In the Matter of Paul ARCHER, Respondent.**

Appellate Case No.2012–211930.
No. 27132.

Supreme Court of South Carolina.

Submitted May 8, 2012.
Decided June 13, 2012.

Disciplinary Counsel Lesley M. Coggiola and Assistant Disciplinary Counsel Sabrina C. Todd both of Columbia, for Office of Disciplinary Counsel.

Paul Archer, of Pawley's Island, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand. He further agrees to return the fee he collected from the Commission on Indigent Defense and to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the imposition of a sanction. We accept the Agreement and issue a public reprimand. In addition, within one (1) year of the date of this opinion, respondent shall return the fee he collected from the Commission on Indigent Defense and complete the Legal Ethics and Practice Program Ethics School. The facts, as set forth in the Agreement, are as follows.

### Facts

Respondent was appointed to represent Complainant in a post-conviction relief (PCR) action. After reviewing Complainant's file, respondent determined Complainant had a good case. Respondent wrote Complainant, advising he had a good case and good cases were rare. Respondent requested Com-

plainant have a friend or family member contact him to pay for a prison visit which was necessary to prepare Complainant's testimony, and respondent had received notice that indigent funds were, at the time, unavailable to pay attorneys appointed in PCR cases.

Soon thereafter, respondent received a payment from Complainant's family. In total, respondent charged and received $3,500 from Complainant's family, $2,000 of which was specifically for a prison visit.

Complainant prevailed before the circuit court. By the time the circuit court ruled, indigent funding was available and respondent submitted a voucher to the Commission on Indigent Defense indicating he had performed $1,680 in services on Complainant's case. Respondent waived receipt of $680, agreeing to accept the $1,000 statutory maximum fee a court-appointed attorney can collect in a PCR action without court approval. The voucher respondent submitted requires attorneys to report any funds the attorney received on the client's behalf. Respondent failed to note funds he had received from Complainant's family and received $1,000.00 in indigent funds as payment for his work on Complainant's case.

### *Law*

Respondent admits that by his conduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5(a) (lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses), Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. In addition, within one (1) year of the date of this opinion, respondent shall return the fee he collected from the Commission on Indigent Defense and complete the Legal Ethics and Practice Program Ethics School. Respondent shall notify the Commission on Lawyer Conduct within ten (10) days of his completion of each of these directives.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.